IN THE UNITED STATES DISTRICT COURT
FOR THE MASSACHUSETTS

FILED
IN CLERKS OFFICE
2007 SEP 13 P 12: 30
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CAROLINE BEHREND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, et al.,<br><br>Defendants. | ) Miscellaneous Business Docket No.:<br>) _____<br>)<br>) Eastern District of Pennsylvania, Civil Action<br>) No. 03-6604<br>)<br>) Prior Related Cases:<br>)<br>) Kristian v. Comcast Corp., Civ. Action No. 03-<br>) CV-12466-EFH<br>) Rogers v. Comcast Corp., Civ. Action No. 04-<br>) 10142-EFH<br>)<br>) (Transferred to Eastern District of Pennsylvania<br>) per Judge Harrington's Order filed 12/1/06) |

### [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiffs' Motion to Compel Third Party, Greater Media, Inc. to Produce Subpoenaed Documents ("Motion"), and all submissions filed in connection therewith, and pursuant to Fed. R. Civ. P. 34(c) and 37, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' Motion is **ALLOWED**.

2.  Within ten (10) business days from the date of this Order, or such other time as agreed upon by counsel for Plaintiffs and Greater Media, Inc., Greater Media, Inc. shall produce for inspection and copying the documents requested in Document Request Nos. 1-6 contained in Schedule A attached to Plaintiffs' July 31, 2007 Subpoena.

3.  All such documents produced by Greater Media, Inc., shall be subject to the terms of the Protective Order filed November 20, 2006 in the above captioned action.

61325.1

4. Pursuant to the Protective Order, ¶ 4, in the event Greater Media, Inc. elects to produce documents containing Confidential Information as defined in the Protective Order, for inspection by Plaintiffs' counsel, no marking need be made by Greater Media, Inc. in advance of the inspection, and all inspected materials shall be deemed "Confidential" under the Protective Order until the time copies of the documents that have been inspected are delivered to Plaintiffs' counsel.

5. Plaintiffs' counsel may inspect such documents, and arrange for copying of documents designated by Plaintiffs' counsel for copying, at Plaintiffs' expense.

6. Pursuant to the Protective Order, ¶ 4, once copies of designated documents are delivered to Plaintiffs' counsel, only those materials designated "Confidential" by Greater Media shall be treated as such.

7. In the event that Greater Media, Inc. withholds any document based on a claim of privilege, pursuant to Fed. R. Civ. P. 45(d)(2), Greater Media, Inc. shall make any such claim of privilege expressly and shall support the claim by a description of the nature of the documents not produced sufficient to enable Plaintiffs to contest the claim.

8. Production of documents by Greater Media for inspection and copying by Plaintiffs' counsel pursuant to this Order shall not itself constitute a waiver of any attorney-client privilege or work product claim asserted by or on behalf of Greater Media, Inc.

BY THE COURT:

_____
J., District of Massachusetts

61325.1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 13th day of September, 2007, he caused to be served, via United States Mail and e-mail, a copy of

**Plaintiffs' Motion to Compel Third Party, Greater Media, Inc., to Produce Subpoenaed Documents**

**Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Compel Third Party, Greater Media, Inc., to Produce Subpoenaed Documents**

**Declaration of David Woodward in Support of Plaintiffs' Motion to Compel Third Party, Greater Media, Inc., to Produce Subpoenaed Documents and Exhibits 1-12**

**Proposed Order**

upon the following counsel:

Antoinette R. Stone
Brown Stone Nimeroff LLC
1818 Market Street, Suite 230
Philadelphia, PA 19103
astone@bsnlawyers.com

Michael S. Shuster
Sheron Korpus
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
mshuster@kasowitz.com
skorpus@kasowitz.com

Darryl May
BALLARD SPAHR ANDREWS & INGERSOLL LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
may@ballardspahr.com

_____
David Woodward  (NR)

60823.1